JAMES KAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JAMES KAY, G. E. THOMAS, AND J. F. KAY, TRUSTEES, JAMES KAY TRUST, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM A. OHLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 53450, 53451, 54467.   Promulgated June 8, 1933.

*Theodore B. Benson, Esq.*, for the petitioners.
*T. M. Mather, Esq.*, for the respondent.

334

MATTHEWS: It is the position of the respondent that the 1,762 shares of stock which were purchased from M. T. Davis and his associates under the circumstances set out in our findings were distributed by the Cabin Creek Consolidated Coal Co. as a stock dividend, and that the shares received by the petitioners James Kay and William A. Ohley as a result of this distribution were acquired at no cost to them. The shares of stock held by the James Kay Trust were valued upon the same basis as they would have been if they had remained in the hands of the grantor, James Kay.

It is earnestly contended by the petitioners that in determining the taxable gain from the sale in 1928 of the stock owned by the petitioners the 344 shares distributed to James Kay and the 92 shares distributed to William A. Ohley should be valued upon the basis that they purchased the stock at a cost of $85 per share, which is the purchase price paid for the stock by the corporation. The petitioners urge that the 1,762 shares of stock were purchased by Ford, Kay and Puckett on behalf of the majority stockholders, that the corporation paid for this stock out of earnings or surplus, and that the payments made by the corporation were made on behalf of the stockholders and were the equivalent of cash dividends.

We have found that Ford, Kay and Puckett agreed to buy from the minority stockholders 1,762 shares of the stock of the Cabin Creek Consolidated Coal Co. at $85 per share, that the corporation took over the purchase and assumed the payment of the notes given to secure the purchase money and that the corporation did actually pay the entire amount of the purchase price. We can not agree with the petitioners' claim that this stock did not become the property of the corporation. It is admitted that the 1,762 shares were never transferred to the name of the corporation, but this is not conclusive that the corporation did not own the stock. The directors' resolution dated April 21, 1917, refers to "the 1,762 shares of stock *held by the company* in the name of Azel Ford, James Kay and W. M. Puckett, Trustees." No dividends were paid on these 1,762 shares in 1915 and 1916, during which years the corporation was making payments on the purchase price thereof. These payments were charged to "Stock Purchase Account" and the stock purchase account was closed to surplus under date of June 30, 1917, in the sum of $149,770, the full amount of the purchase price of the stock. There is nothing in the record to indicate that either the corporation or the stockholders treated these payments as cash dividends.

We hold that the 1,762 shares of stock were purchased by the corporation in 1914 for its own account and were distributed as a stock

dividend in 1917 among the remaining shareholders in proportion to their holdings. A corporation which has acquired its own stock may cancel the same, or hold it as treasury stock, or distribute it among the shareholders, without changing its financial situation. During the period the corporation owned the 1,762 shares and after their distribution to the shareholders each shareholder's proportionate interest in the total outstanding shares was exactly the same. The distribution added nothing to the interests of these shareholders; the additional shares so received were acquired by them without cost.

After a careful consideration of all the evidence adduced by the petitioners we have reached the conclusion that the petitioners have shown no greater basis for determining gain than was used by the respondent in asserting the deficiencies.

*Judgment will be entered for the respondent.*